# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACK KIMBALL, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and EMILIO CASTILLERO (SH0617),<br><br>　　　　　　　　Defendants. | Case No.: 3:24-cv-00682-BAS-VET<br><br>**ORDER GRANTING JOINT MOTION TO MODIFY SCHEDULING ORDER**<br><br>[Doc. No. 32] |

　　　Before the Court is the parties' Joint Motion to Modify Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. Doc. No. 32 ("Joint Motion"). Therein, the parties request a 14-day extension of expert and fact discovery deadlines to accommodate a delay in the preparation of an expert report. *Id.* at 2. The requested extension will not impact the pre-trial motions deadline or other pre-trial deadlines. *Id.* This is the parties' first request to extend discovery deadlines.

　　　Based on a review of the Joint Motion and the record, and good cause appearing, the Court **GRANTS** the Joint Motion. Therefore, the Court **ORDERS** the following:

　　　1.　　Unexpired fact and expert discovery deadlines set forth in the Scheduling Order, dated October 3, 2024, are hereby **VACATED**. *See* Doc. No. 14 at 2–3.

2. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **April 11, 2025**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **April 11, 2025**. On or before **May 14, 2025**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

4. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **April 11, 2025**. Any contradictory or rebuttal information shall be disclosed on or before **May 14, 2025**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

5. All fact discovery shall be completed by all parties by **June 13, 2025**. All expert discovery shall be completed by all parties by **June 13, 2025**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the

cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.

6. All other pre-trial deadlines and requirements set forth in the Scheduling Order, dated October 3, 2024, remain in effect. *See* Doc. No. 14 at 3–7.

**IT IS SO ORDERED.**

Dated: March 19, 2025

Honorable Valerie E. Torres
United States Magistrate Judge